J-S31022-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN REX EDMISTON, | : | |
| | : | |
| Appellant | : | No. 1273 WDA 2016 |

Appeal from the PCRA Order August 12, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000652-1988

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    FILED JANUARY 16, 2018

Stephen Rex Edmiston ("Appellant") seeks review of the Order entered by the Clearfield County Court of Common Pleas dismissing his Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. Based on the recent decision rendered in Commonwealth v. Chmiel, 2017 WL 5616233, 726 CAP (Pa. filed Nov. 22, 2017), we reverse and remand for further proceedings.

The underlying facts and procedural history of the case have been set forth in prior Opinions and we need not restate them in detail here. See Commonwealth v. Edmiston, 65 A.3d 339 (Pa. 2013) ("Edmiston III"), Commonwealth v. Edmiston, 851 A.2d 883 (Pa. 2004) ("Edmiston II"), and Commonwealth v. Edmiston, 634 A.2d 1078 (Pa. 1993) ("Edmiston I"). For purposes of this appeal, we note that a jury sentenced Appellant to

death in connection with the 1988 Kidnapping, Murder, Rape, Statutory Rape, and Involuntary Deviate Sexual Intercourse of two-year-old Bobbi Jo Matthew.[1]  Among the evidence submitted at trial was a report from Bruce Kevin Tackett, a criminalist with the Pennsylvania State Police ("PSP"), who had conducted a microscopic comparison of hair samples collected from Appellant's truck with hair belonging to the victim.  Mr. Tackett, who was trained in hair analysis by the Federal Bureau of Investigation ("FBI"), concluded that the hair found in the truck had the same microscopic characteristics as the victim's hair and that the hair came from the victim or "from someone with hair just like hers."  N.T., 3/1/1990, at 115.

On April 20, 2015, the FBI "issued a press release admitting, for the first time, that testimony by FBI analysts regarding microscopic hair analysis in criminal trials was erroneous in a majority of cases."  Chmiel, supra at *1.  The FBI also admitted, for the first time, "that it had, over the course of twenty-five years, conducted multiple training courses for state and local forensic examiners throughout the country that incorporated some of the same flawed language that the FBI examiners had used in lab reports and trial testimony."  Id.

---

[1] Appellant was convicted of Burglary and Kidnapping and sentenced for those crimes by the Clearfield County Court of Common Pleas at CP-17-CR-0652-1988. He was convicted of Murder, Rape and the related offenses and sentenced for those crimes in Cambria County at CP-11-CR-1025-1988. Appellant filed the Notice of Appeal in the instant matter only under the Clearfield County docket number.

On June 17, 2015, Appellant filed the instant consolidated Petition seeking Habeas Corpus and PCRA Relief,[2] asserting that his conviction and sentence were based on a flawed hair analysis and improper expert testimony. He asserted that the April 20, 2015 FBI press release contained a newly discovered fact that rendered his Petition cognizable under the PCRA's timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(ii). On June 22, 2015, he filed a Motion for Discovery seeking, inter alia, information relevant to the training received by PSP criminalists between 1980 and 2000 in hair and fiber analysis.

After filing a Pa.R.Crim.P. 907 Notice, the PCRA court[3] dismissed the Petition as untimely, concluding that "[t]he only 'new' thing [Appellant] could garner from the press release and article is an update on the opinion of third-parties regarding facts which have been readily available in the public domain for years." Trial Ct. Op., dated 5/31/16, at 4.[4]

Appellant timely appealed and raised the following issues for our review:

_____

[2] The PCRA court properly considered Appellant's separate request for habeas corpus relief as cognizable under the PCRA. See Trial Ct. Op., dated 3/31/16, at 4-5.

[3] Appellant filed his Petitions in both Cambria and Clearfield Counties. The court consolidated the Petitions for adjudication in Cambria County. See Order, filed 2/3/16.

[4] The court also dismissed Appellant's Motion for Discovery. See Order, dated 7/31/16 (filed 8/12/16).

1. Did the PCRA court err in concluding that the PCRA petition was untimely, where the newly disclosed evidence included admissions from the FBI that its training of state examiners on hair comparison methods was flawed and scientifically unsupportable?

2. Did the PCRA court err in denying a new trial where [Appellant] pled and proved that his conviction rested on unreliable hair comparison evidence, in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution?

Appellant's Brief at 2.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." Commonwealth v. Spotz, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

It is well-settled that the time requirements provided in the PCRA are jurisdictional in nature; thus, Pennsylvania courts may not review untimely PCRA petitions. Commonwealth v. Watts, 23 A.3d 980, 983 (Pa. 2011). Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Appellant's Petition, filed over two decades after his Judgments of Sentence became final, is facially untimely.

However, the PCRA provides three timeliness exceptions that must be alleged and proven to obtain review. See 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition "invoking an exception ... shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Here, Appellant based his June 17, 2015 PCRA Petition on an averment that the April 20, 2015 FBI press release contains newly discovered facts. See 42 Pa.C.S. § 9545(b)(1)(ii). Pursuant to the recent decision in Chmiel, supra, we agree.

In Chmiel, the Pennsylvania Supreme Court addressed the same issues Appellant has presented here. The Court reviewed prior case law and emphasized the difference between questions about the reliability of hair comparison analysis that have been around for decades, and the FBI's first public admission on April 20, 2015, of "'invalid,' 'flawed,' and 'faulty'" hair analysis evidence. Chmiel at *7. In concluding that the FBI press release does indeed contain "newly discovered facts" upon which to rely in a facially untimely PCRA petition, the Court stated:

> Contrary to the PCRA court's opinion ..., the fact that the FBI was internally reviewing the accuracy of microscopic hair analysis or testimony is not the newly discovered fact upon which [Appellant's] claim is based. Rather, the newly discovered facts

are the FBI's admissions, as the proponent of microscopic hair analysis, that its examiners gave flawed and scientifically unsupportable testimony, and spread its flawed methodology to state and local analysts. Although the existence of the FBI's internal investigation was known, the press release marked the first public admission by the FBI regarding its conclusions about testimony premised upon microscopic hair analysis and the dissemination of such scientifically flawed language to state and local analysts.

* * *

It is this concession ... that triggers the sixty-day window within which [Appellant] was required to file his claim. This concession did not exist in the public domain prior to April 20, 2015.

Chmiel, supra, at *6-7.

Chmiel is dispositive of the issues Appellant has raised here. The FBI's concessions contained in its April 20, 2015 press release triggered the sixty-day window within which Appellant had to file his Petition. Appellant filed his Petition within sixty days, on June 17, 2015. Accordingly, we reverse the order of the PCRA court dismissing Appellant's Petition as untimely, and remand for further proceedings.[5]

Order reversed. Case remanded. Jurisdiction relinquished.

---

[5] The PCRA court dismissed Appellant's request for discovery to ascertain whether Tackett was trained by the FBI, ostensibly because the underlying claim was time-barred. The "PCRA court should reconsider the discovery request in light of our [disposition]." Chmiel, supra, at n.8.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2018